IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Always Thinkinc. Company,** <br> c/o statutory agent: Lynn Jereb <br> 195 Shawnee Trail <br> Aurora, Ohio 44202 <br><br> Plaintiff, <br><br> v. <br><br> **Think Inc.** <br> 2818 Smallman Street <br> Suite A <br> Pittsburgh, PA 15222 <br><br> Defendant. | Case No. <br><br> Judge: <br><br><br> **COMPLAINT FOR** <br> **TRADEMARK INFRINGEMENT** <br><br><br> *(Jury demand endorsed hereon)* |

NOW COMES the Plaintiff, *Always Thinkinc. Company*, and for its Complaint against the Defendant, Think Inc., alleges and avers as follows:

### THE PARTIES

1. The Plaintiff, Always Thinkinc. Company, is a corporation organized under the laws of Ohio, and has its principal place of business in Aurora, Ohio, which is in Portage County.

2. Upon information and belief, the Defendant, Think Inc., is a business entity organized under the laws of Pennsylvania, and has its principal place of business in Pittsburgh, Pennsylvania.

### JURISDICTION AND VENUE

3. Federal Question Jurisdiction. This is an action for trademark infringement. The Court has subject matter over this matter because the Plaintiff states a claim for federal trademark infringement, 15 U.S.C. § 1125(a); §43(a) of the Lanham Act. This Court also has

supplemental jurisdiction over the claims in the Complaint which arise under the statutory and common law of the State of Ohio pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. Diversity Jurisdiction. In the alternative or in addition to the Court's federal question jurisdiction, this Court also has diversity jurisdiction over this dispute as the Plaintiff and Defendant are citizens and/or incorporated in different states, and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over the Defendant by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.

6. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant is subject to personal jurisdiction in this district, and the infringement occurred within this judicial district.

**FACTUAL ALLEGATIONS**

7. The Plaintiff is an advertising agency.

8. The Plaintiff is one of the midwest's leading boutique advertising agencies and has almost one hundred Fortune 500 clients to its credit.

9. Plaintiff's areas of specialty include retail, consumer, b-to-b, and healthcare, among others. Plaintiff's team includes specialists in print, radio television, direct marketing, and sales promotion.

10. The Plaintiff has become a leader in marketing to improve the market awareness for its clients.

11. Lynn Jereb is the founder and president of the Plaintiff corporation.

12. The Plaintiff owns a federal trademark registration for "thinkinc."  (See a copy of the Registration attached as "Exhibit 1;" "the '210 mark.')

13. The Plaintiff's trademark is registered for the class including advertising agencies.

14. Plaintiff is asserting that Defendant has infringed the Plaintiff's federally registered trademark.

15. The Defendant, Think Inc., has unfairly misused the Plaintiff's registered mark in the Defendant's use of "THINKINC." in connection with their advertising agency.  (See a true copy of the Plaintiff's homepage at their website http://www.thinkcreativity.com, which shows Plaintiff's infringing use of "thinkinc.")

16. Defendant's mark is a colorable imitation of Plaintiff's famous mark, and causes confusion in the marketplace.

17. The Defendant is not authorized by the Plaintiff in any way to use the Plaintiff's federally registered mark.

18. The Plaintiff is entitled to an award of damages against Defendant for trademark infringement and unfair competition.

### CLAIM NO. 1
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

19. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

20. The Defendant has used, and is using, the Plaintiff's mark without any authorization from the Plaintiff on their "www.thinkcreativity.com" website for business services in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

21. The Defendant's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the Plaintiff's mark. Such intentional acts on the part of Defendant have damaged Plaintiff's goodwill causing Plaintiff immediate and irreparable damage.

22. The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

23. Upon information and belief, the Defendant had actual knowledge of Plaintiff's exclusive rights in the mark and willfully and deliberately infringed Plaintiff's rights.

24. The Defendant's acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that Defendant's products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

25. The Defendant's actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

# CLAIM NO. 2
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*

26. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

27. The Defendant's acts and conduct as alleged above in this Complaint also constitutes unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff prays that this Court enter an Order comprising the Defendant:

A) A TRO and preliminary injunction enjoining the Defendant from making, using, marketing or selling any product or service that infringes upon the '210 mark;

B) A permanent injunction enjoining the Defendant from making, using, marketing or selling any product or service that infringes upon the '210 mark;

C) An assessment of interest on the damages so computed;

D) An award of damages to the Plaintiff and against Defendant for all damages sustained by Plaintiff including the Defendant's profits, and the costs of the action pursuant to 15 U.S.C. § 1117(a), and an award of attorney's fees;

E) Judgment against Defendant indemnifying the Plaintiff from any claims brought against the Plaintiff for negligence, debts, malpractice, product liability, or other breaches of any duty owed by the Defendant to any person who was confused as to some association between the Plaintiff and Defendant as alleged in this Complaint;

F) Judgment against Defendant for an accounting and monetary award in an amount to be determined at trial;

Plaintiff's Complaint - 5

5 - 5 -

G) Requiring Defendant to account to the Plaintiff for all sales and purchases that have occurred to date, and requiring the Defendant to disgorge any and all profits derived by Defendant for selling infringing product;

H) Requiring Defendant to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product or services;

I) Requiring Defendant to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver services to third parties;

J) Ordering a product recall of infringing products and services for destruction;

K) Requiring Defendant to file with this Court and serve on the Plaintiff within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

L) Requiring Defendant to provide to Plaintiff all sales records, including but not limited to, email, mail, and advertising lists;

M) Damages according to each cause of action herein;

N) Prejudgment interest; and

O) Any such other relief in law or equity that this honorable Court deems just.

## JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable.

Most Respectfully Submitted,


    **/s/ David A. Welling**
**C. VINCENT CHOKEN (0070530)**
**DAVID A. WELLING (0075934)**
*Choken Welling LLP*
3020 West Market Street
Akron, Ohio 44333
Tel.    (330) 865 – 4949
Fax    (330) 865 – 3777
vincec@choken-welling.com
davidw@choken-welling.com

**JOHN D. GUGLIOTTA (0062809)**
*Patent, Copyright & Trademark Law Group, LLC*
4199 Kinross Lakes Parkway, Suite 275
Richfield, OH 44286
Tel.    (330) 253 – 2225
Fax    (330) 659 – 5855
johng@inventorshelp.com

*Counsel for the Plaintiff*